# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:11-CV-00116-FDW

| | | |
|---|---|---|
| **INTERNATIONAL FIDELITY INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **ORDER** |
| **WATERFRONT GROUP NC, LLC; WATERFRONT GROUP, INC.; WATERFRONT GROUP FL, LLC; WATERFRONT GROUP, LLC.; FOUR SEASONS LANDSCAPING OF NORTH CAROLINA, INC.; LANDSTAR DEVELOPMENT, LLC; WILLIAM N. ADKINS; and MARK R. ADKINS** | ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

THIS MATTER is before the Court on Defendants Waterfront Group NC, Inc.'s; Waterfront Groups, Inc.'s; Waterfront Group, Inc.'s; Waterfront Group FL, LLC's; Waterfront Group, LLC's; Four Seasons Landscaping of North Carolina, Inc.'s; William N. Adkins'; and Mark R. Adkins' (collectively "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction, (Doc. No. 13), with supporting memoranda. (Doc. Nos. 14, 24). This Motion is ripe for decision. For the reasons set forth, the Court DENIES Defendants' Motion to Dismiss.

## I. Background

Plaintiff, International Fidelity Insurance Company, filed suit on March 8, 2011, against above-named Defendants alleging two claims under North Carolina law for breach of contract. (Doc. No. 1). This matter arises out of a series of surety agreements for subdivision bonds to build

the Riversound Development in Chowan County, North Carolina. Plantiff, the surety, guaranteed these bonds for Defendants, the principles, to Chowan County, the obligee. (Doc. No. 1). Defendants were to complete the work on the Riversound Development in several phases for which bonds worth in excess of $10 million in total were issued. (Doc. No. 1). Plaintiff issued the bonds for Phase 1, with a penal sum of $9,376,250, to Defendants on June 4, 2007. (Exhs. B-G). The contract of suretyship incorporated an indemnity agreement containing a collateral security provision. (Exh. A). The relevant portion of this indemnity agreement provides:

> The Contractor and Indemnitors shall deposit with the Surety on demand an amount of money or other collateral security acceptable to the surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. The Surety shall have right to use the deposit, or any portion thereof, in payment or settlement of any liability, loss, or expense for which the Contractor and Indemnitors shall deposit with the Surety, immediately upon the Surety's demand, and additional amount of collateral security equal to such increase.

(Exh. A).

On December 11, 2009, Plaintiff sent Defendants a letter demanding that Defendants post $1,209,954.00 in collateral because Defendants had failed to complete the developments required by the bonds for Phase 1. (Exh. H). In response to this demand, Defendants posted funds totaling $150,000 with Plaintiff. (Doc. No. 1). On January 25, 2011, after Defendants failed to post the amount requested and failed to complete the necessary improvements, Plaintiff again demanded that Defendants post $1,032,802.00 in collateral within seven days. (Exh. I). Defendants did not post any additional collateral, and on March 8, 2011, Plaintiffs filed this suit asserting two claims for breach of contract for (1) failure to post collateral security and (2) failure to exonerate and indemnify. (Doc. No. 1). On April, 19, 2011, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction asserting that Plaintiff lacked standing and/or ripeness. (Doc. No. 13). To date, Chowan County has not asserted liability against the surety.

## II. DISCUSSION

It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155 (1990). Article III gives federal courts jurisdiction only over "cases and controversies," U.S. Const. art. III, § 2, cl. 1, and the doctrine of standing identifies disputes appropriate for judicial resolution. <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471-76, (1982). A claim is justiciable if the "conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." <u>Babbitt v. United Farm Workers Nat'l Union</u>, 442 U.S. 289, 298,(1979) (quoting <u>Ry. Mail Ass'n v. Corsi</u>, 326 U.S. 88, 93(1945)).

<u>Miller v. Brown</u>, 462 F.3d 312, 316 (4th Cir., 2006).

Both standing and ripeness concern whether an actual case-or-controversy exists for the Court to address. <u>See</u> 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper <u>Federal Practice and Procedure</u> § 3531.2 (3d ed. 2010). Standing requires that the party asserting federal jurisdiction demonstrate (1) it has suffered an injury-in-fact, (2) the injury is fairly traceable to the actions of the defendant, and (3) the likelihood that a favorable ruling will redress the injury. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). The "[r]ipeness doctrine reflects the determination that courts should decide only 'a real, substantial controversy,' not a mere hypothetical question." 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3532.2 (3d ed. 2010)(quoting <u>Longway v. Jefferson County Bd. Of Sup'rs</u>, 24 F.3d 397, 400 (2d Cir. 1994)).. Because of the great degree of overlap between these two doctrines in determining whether an actual injury exists, the analysis for these two doctrines is very similar and "[s]ome . . . cases expressly recognize that standing and ripeness theories often merge so closely that there is no reason to attempt separation." <u>Id.</u> For this reason, the sole inquiry presented by this Motion is whether Plaintiff asserted a cognizable injury.

Defendants maintain that Plaintiff has not alleged a cognizable injury. (Doc. No. 13).

Defendants argue that the collateral security clause contained in the indemnity agreement requires Chowan County to assert liability against the surety before Plaintiff may make a demand for collateral. Id. Since Chowan County has not asserted liability against the surety, Defendants contend that the demand was improper and therefore Plaintiff's asserted injury for breach of contract would be a hypothetical injury until: (1) Chowan County asserted liability, (2) Plaintiff made a proper demand for collateral, and (3) Defendants did not properly post the required collateral in accordance with that demand. Id.

In response, Plaintiff argues that the collateral security clause does not require that liability be asserted by Chowan County, but rather only that Plaintiff make a demand that Defendants post collateral security for the demand to be valid. (Doc. No. 22). Alternatively, Plaintiff contends that the collateral security clause only requires that liability exist against the surety, rather than requiring that Chowan County assert liability against the surety, and that such liability exists. Id. Plaintiff alleges that the Defendant's breach of contract constitutes an actual injury, because Plaintiff asserts that it has lost the security of the position that it bargained for in the indemnity agreement.

"Sureties are ordinarily entitled to specific performance of collateral security clauses. If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced." Safeco Insurance Company of America v. Schwab, 739 F.2d 431, 433 (9th Cir. 1984)(quotations omitted). A principal's failure to post collateral in accordance with a collateral security provision in a surety agreement has been found to be an actual injury. See American Motorists Insurance Company v. United Furnace Co. Inc., 876 F.2d 293 (2nd Cir. 1989). In the instant case, Plaintiff's assertion that Defendants breached the indemnification agreement by failing to post the necessary collateral is a cognizable injury because Plaintiff asserts that it has lost the benefit of the position for which it bargained in the indemnity agreement. Defendants' assertion

that the indemnity agreement requires that liability be asserted before Plaintiff may demand collateral goes to the merits of this case, specifically the interpretation of the disputed provision, and thus further demonstrates that an actual injury has been asserted. This determination of the requirements of this provision is one to be made by the trier-of-fact.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 13) is DENIED.

IT IS SO ORDERED.

Signed: July 11, 2011

Graham C. Mullen
United States District Judge